ENTERPRISE GARNETTING COMPANY *vs.* WILFRED J. FORCIER, *C. T.*
AUGUSTIN A. H. FEALHABER *vs.* SAME.

APRIL 21, 1943.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

Moss, J. These are actions of the case for nuisance, the real defendant in each being the city of Woonsocket, represented by its treasurer. It is hereinafter referred to as the defendant.

The cases were tried together in the superior court, because they were for damages to properties of the respective plaintiffs, caused by the same fire, for which that city is alleged by the plaintiffs to have been responsible. The trial

resulted in verdicts for the respective plaintiffs, the damages being assessed for the former plaintiff at $58,000 and for the latter plaintiff at $15,000. Motions by the defendant for a new trial, which were based on the grounds that the verdicts were against the evidence and the weight thereof and that they were excessive, were granted by the trial justice; and the cases later came before us on bills of exceptions filed by the respective plaintiffs, the sole exception stated in each bill being to the decision of the trial justice granting the defendant's motion for a new trial. *Enterprise Garnetting Co.* v. *Forcer, C. T.*, 67 R. I. 336, 23 A. 2d 761.

After a hearing before us we rendered an opinion sustaining this exception in each case and remitting each case to the superior court with a direction as to the damages. In the *Enterprise Garnetting Company* case, as the trial justice, by language in his decision, had definitely shown that he considered the damages as found by the jury to be clearly excessive, the direction was that he should determine the amount of the excess. In the *Fealhaber* case the direction was that he should first determine whether the damages were excessive, and, if so, should then determine the amount of the excess. The additional direction in that case was added because in the rescript there had been no opinion expressed as to whether the damages as found by the jury were excessive. The direction in each case was given so that the plaintiff would have an opportunity, as provided by statute, to file a remittitur of any excess so determined.

After the cases had been returned to the superior court, the trial justice filed in each a short rescript, concluding with the decision that "we are of the opinion that the verdict of the jury as to damages should stand and that interest on such verdict should be allowed from the date of the writ." Four days later the defendant filed in each case an exception to this decision therein and a notice of intention to prosecute a bill of exceptions; and still later, within the time as extended by the trial justice, the defendant filed

in each case a bill of exceptions, in which were stated not only that exception, being the third, but also nineteen other exceptions.

Each case was then certified to this court, without the bill of exceptions having been allowed or disallowed by the superior court, and is now before us on motions filed in this court by the plaintiff, one being that the defendant establish the truth of the exceptions, another being that all of the exceptions be dismissed except the third, and a later motion being "that all of the defendant's exceptions set forth in his bill be dismissed as not having been perfected in accordance with the statute." Other than the third exception, which will be discussed later in this opinion, all the exceptions stated in the bill in each case had been taken by the defendant in the course of the trial.

This court has repeatedly approved, as proper, a certain procedure to be followed by a party against whom a verdict has been returned at a trial, in the course of which he took exceptions, and who has filed a motion for a new trial, which has been granted in a decision by the trial justice, and who wishes to be able to get the benefit of certain of such exceptions, if this court should sustain an exception by his opponent to this decision. Such procedure is that within seven days after notice of this decision he should file a notice of intention to prosecute a bill of exceptions, and within the allowed time thereafter should file such bill, setting forth the exceptions of which he wishes to get the benefit. *Newhall* v. *Egan,* 28 R. I. 584; *Barker* v. *Barker Artesian Well Co.,* 45 R. I. 297.

It has been determined that this is the only way in which exceptions, taken by a party before a motion by him for a new trial on the merits of a case has been decided in the superior court in his favor, can, in accordance with the statute governing bills of exceptions, be brought before this court for determination in the event that the adverse party has filed an exception to such decision and brought that excep-

tion to this court. See *Union Fabrics Corp.* v. *Tillinghast-Stiles Co.*, 58 R. I. 190, and 61 R. I. 32, and cases cited therein.

As supporting the contention that this doctrine does not apply in the instant cases the defendant relies upon the opinions in *Reynolds* v. *Davis*, 54 R. I. 185, and 55 R. I. 206. It is true, as stated in its brief, that in our opinion in 55 R. I. 206 we considered and passed upon exceptions which had been taken, at the trial, by the defendant in that case, to rulings by the trial justice as to the admission of certain evidence upon the question of damages and which had been stated in a bill of exceptions filed after the opinion of this court in 54 R. I. 185.

But the situation in that case was quite different from what it is in the instant cases. The attorneys for the plaintiff made no contention that those exceptions were not properly before us, but on the contrary discussed them on their merits. Therefore, we find that the opinions in the earlier case do not support the contention of the defendant in the instant cases.

For the reasons above stated, we are convinced that on authority and sound principle the plaintiff in each of these cases is entitled to have all the defendant's exceptions dismissed except the third.

As to that exception, the situation is very different. The trial justice, in his decision upon the defendant's motion for a new trial, had granted it upon the question of liability, and not upon the question of the amount of the damages, although he had used language in the *Enterprise Garnetting Company* case, at any rate, that clearly showed that he considered the damages awarded in the verdict to be excessive.

Later, after the cases had been remitted by this court to the superior court for certain findings by the trial justice as to damages, as above stated, he filed in each case a rescript in which he decided that there was no such excess. Therefore, we are of the opinion that the defendant had a.

right, in each case, to have a review by this court of the decision, thus made, and to file, within the statutory period of time, an exception to that decision and to prosecute a bill of exceptions thereon, according to the statutory procedure.

This procedure it followed; and no authority cited to us in behalf of the plaintiffs contains any language which, as to the defendant's third exception, supports their contention. Hence, as to that exception in each case, we are of the opinion that the motion to dismiss should be denied.

In each case the plaintiff's motion to dismiss is denied as to the third exception and is sustained as to all the other exceptions; and each case may be assigned for hearing before us on that exception.

*John R. Higgins, Higgins & Silverstein,* for plaintiffs.
*Nickerson H. Taylor,* for defendant.